## ZACK HARRIS v. THE STATE.

### *No. 236. Decided June 22.*

1. **Evidence — Contemporary Crimes — Robbery and Rape.—** On a trial for robbery of one woman, *held*, that it was competent for the State to prove that at the same time and place, and in the same transaction, the defendant ravished another woman who had no money to give him, the two women being together when attacked, and defendant using his pistol in both instances to enforce his demands.

2. **Practice—Two Indictments—Defendant's Right to Service of Copy of the Second After the First was Dismissed — Waiver.—** Where it appeared that defendant had been served with a copy of an indictment which, being ascertained to be wholly defective, was dismissed by the prosecution without the knowledge of defendant, and a second indictment was presented, a copy of which was not served upon the defendant, and when the latter was being read to the jury at the trial, defendant discovering that it was a new indictment, objected to the trial because he had not been served with a copy, which objection was overruled: *Held*, that the ruling was error; that defendant was entitled to service of a copy of the indictment upon which he was being tried, and that his announcement of ready for trial under the circumstances did not waive his right to such service.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for robbery, wherein the punishment was assessed at imprisonment in the penitentiary for twenty years.

Two indictments were presented in the case. A copy of the first had been duly served upon defendant, but it was dismissed by the prosecu-

tion because fatally defective.   Defendant had never been served with a copy of the second.   He announced ready for trial, not knowing that the first indictment had been dismissed and that he was to be tried on a new one.   When he ascertained that fact from the reading of the indictment, he immediately objected to going to trial thereupon, because he had not been served with a copy, and demanded his right to be served with a copy of the same.

This was refused by the court, and the trial was proceeded with.

The testimony adduced on the trial was as follows:

Clara Huston testified:, My name is Clara Huston.   On the 6th day of February, 1893, in Houston, Harris County, Texas, myself and Jennie McGrew, about 8 o'clock in the evening of said day, were on our way home from work, and while we were passing the planing mill in the Fifth Ward, the defendant, Zack Harris, came up, claiming that he was a policeman, and said that he put us both under arrest.   We had done nothing, and told him so, and asked him why he arrested us.   He said that somebody had been stealing from the planing mill, and he would have to arrest us.   We then told him that we had stolen nothing, but he said no, that he would have to arrest us, but if we had any money he would let us go. When he arrested us, he pulled out a pistol and flourished it around, and we became very much frightened, and both began to cry.   I told the defendant, Zack Harris, I had several small children at home, and there was no one there to care for them, and to let me go.   He said that if I had any money to pay him he would let me go.   I told him that I had a dollar, that the lady I had just worked for had paid me, which he took from me, and said that I could go, but detained the other woman because she had no money.   But Jennie McGrew began to cry aloud, when he made me come back, and then he told us " to get in the road" ahead of him, when he took us down to a place on the Santa Fe transfer track, a lonely place, and told the other woman that she would either give him a dollar or the worth of it.   He had his pistol out all the time, and made her lie down and submit to him.   After this he told us we could go, but he told us if we told what had occurred he would get us, unless we dug a hole and got in it and pulled the hole in after us, cursing us.   The dollar he took from me was my money, and was money of the United States, and of the value of one dollar.   He had the pistol presented to us all the time he was talking to us and making his demand of us, and I gave up the dollar he took from me because of the fear he put me in by cursing us and presenting and threatening us with the pistol.

Cross-examined:   Where he first arrested us was in the street, and several persons passed us all the time, but when any one passed us, he would keep quiet until they were gone.   When he took the money there were no persons passing; it was a lonely place, not frequented, and at

night. When he started with us to the place where he took my money and outraged Jennie McGrew, he told us he was going to meet a white policeman and turn us over to him. After he took my money, he made a demand on Jennie McGrew for money, and when she told him that she had none, he said she would give him the value of it, and forced her to submit to him.

Jennie McGrew testified: I was present when Zack Harris arrested Clara Huston and myself at the planing mill in the Fifth Ward, in the city of Houston, on the 6th day of February, 1893. He held a pistol in his hand, and swung it around and held it on us. He did arrest us, and said that he was going to take us to jail, at the same time holding the pistol on us, and we cried and begged him not to do it, and Clara Huston told him that she had small children at home and no one to attend them. He said he would let us off if we would give him a dollar each. I had no money with me, but Clara had a dollar, which he took, and said that I would have to give a dollar or the worth of it. He then started off with us, saying that he would carry us to a white officer, who would take us to jail; but after going some distance, he gave Clara Huston's money back, and told her to go home; when I began to cry aloud, he made her come back. He then took us to a lonely place and made me submit to him, and then again took Clara Huston's dollar away from her, and this time he kept it, and then released us. When he left he said, if you tell this on me I will get you, unless you dig a hole, get into it, and pull it in after you. He had the pistol drawn on us all the time when making these demands of us, and he took the money and accomplished his purpose on me because of the fright we were in.

Cross-examined: He took us into a lonely place in the woods and committed a rape on me, and Clara Huston was present at the time when this was done. Defendant held his pistol in his hands except when outraging me, and then he laid it close by him on the ground near his head. Neither Clara nor myself made an outcry, because we were afraid. I lay down upon the ground when told by the defendant, and partly raised my dress, and he did not throw me down. I had the defendant prosecuted for the rape committed on me and he was convicted in this court.

*Burke, Kirlicks & Griggs*, for appellant.—1. The court erred in forcing appellant (defendant below) to plead to and go to trial upon an indictment, over appellant's objections that the said indictment was irregular in form, not having been signed by the foreman nor any member of the grand jury, and that no copy of said pretended indictment had ever been served upon appellant, the appellant having been in the custody of the officers of the law from a time prior to the presenting of said indictment, and not on bail. Const., sec. 10, Bill of Rights; Code Crim.

Proc., arts. 504, 505; Record v. The State, 36 Texas, 521; Johnson v. The State, 36 Texas, 202; McDuff v. The State, 4 Texas Cr. App., 58; Barrett v. The State, 9 Texas Cr. App., 33; Richardson v. The State, 7 Texas Cr. App., 486.

2. The court erred in permitting State's witnesses to testify, over defendant's objections, as to the matter of an alleged rape committed upon witness Jennie McGrew, the same being irrelevant and incompetent, and which testimony tended to and did prejudice the jury against the defendant, and which also was calculated to and did injure the rights of the defendant. McWilliams v. The State, 44 Texas, 116; Tyson v. The State, 14 Texas Cr. App., 388; Draper v. The State, 22 Texas, 400; Preston v. The State, 4 Texas Cr. App., 186; McKnight v. The State, 6 Texas Cr. App., 158; Sommerville v. The State, 6 Texas Cr. App., 433; Obert v. Landa, 45 Texas, 539; Jackson v. The State, 20 Texas Cr. App., 190.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery. The evidence in regard to the rape of Jennie McGrew was properly admitted. It was a part and parcel of the same transaction, and committed in connection with the robbery. Defendant forced the woman Clara Huston to deliver to him her money, and at the same time and place compelled the woman' McGrew to submit to his desires, because she had no money to give him, using his pistol in both instances to enforce his demands. The two women were together when attacked by defendant.

2. The grand jury returned a bill of indictment, number 7427, against defendant, charging him with the robbery, a certified copy of which was only served upon him. Subsequently the indictment, number 7494, in this case, was presented, charging him with the same offense. He was not served with a copy of the latter indictment. The first indictment, being wholly insufficient, in that it failed to allege ownership of property, was dismissed without the knowledge of defendant; and his counsel, believing that he was being tried upon the original or first indictment, announced ready for trial. When the case was called the jury was empanelled, and upon hearing the indictment read to the jury it was discovered by the attorneys to be another. Defendant then objected to being tried until he had been served with a copy thereof, etc. He was compelled to proceed to trial, and this action of the court is assigned as error. We are of the opinion that the point is well taken. The defendant is entitled to service of a copy of the indictment upon which he is being tried in a felony case. He can not be held, under the circumstances of this case, to have waived his right to be served with a copy.

Willson's Crim. Stats., secs. 2094, 2095, 2098; Lockwood v. The State, ante, 137. For the error indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.