ELLIS STOKES v. THE STATE.

*No. 1248.　Decided December 11th, 1895.*

**Theft—Two Indictments—Defendant's Right to Service of Copy Before Trial.**

Where an indictment had been presented, and the prosecution desired to charge another party also with the theft, and procured a second indictment under which defendant was arrested and placed in jail. Held: He was entitled to service of copy of the second bill before he could be legally placed upon trial to answer to it.

APPEAL from the District Court of Falls. Tried below before Hon. S. R. SCOTT.

This appeal is from a conviction for theft of one head of cattle, the punishment being assessed at two years' imprisonment in the penitentiary.

No statement necessary.

*James Gameson, W. J. Finks* and *Rice & Bartlett,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief in the record—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of the theft of a steer, and punishment assessed at two years in the penitentiary. A bill of indictment had been presented against appellant and others. In that bill Peter Stokes' name was omitted. The prosecution, desiring to charge Peter with the theft with the other defendants, procured a second bill. A capias was issued upon this last bill, and appellant was arrested and placed in jail. When the case was called for trial he objected to being required to announce, contending that he was entitled to a copy

of the second bill,—the bill upon which he was tried in this case. This was denied him. In this there was error. The accused, under the circumstances above enumerated, is entitled to a copy of the indictment upon which he is charged. This is not an open question. Harris v. State, 32 Tex. Crim. Rep., 279; Abrigo v. State, 29 Tex. Crim. App., 143; Woodall v. State, 25 Tex Crim. App., 617. The bill of exceptions in regard to the proof that a certain hide found in the cabin was similar to the hide which came off the animal in dispute, is not sufficiently specific. From the bill of exceptions, it appears that the opinion of the witness, and not the description, was sought. If the bill had been more specific in describing the hide found in the house, then this, in connection with the opportunity of Johnson, and the fact that he conducted the officer to the head of the animal, where buried, would have authorized this proof. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*