### J. A. Partridge v. State.

#### No. 1744.  Decided May 1, 1912.

**Unlawfully Catching Fish—Pleading—Two Days.**

Where, upon appeal from a misdemeanor, the record showed that the defendant demanded two full days after arrest in which to prepare his pleading, it was reversible error to refuse same, and it was not necessary to make known to the court what character of pleadings defendant desired to file or that he desired to present any. Following Evans v. State, 36 Texas Crim. Rep., 32, and other cases.

Appeal from the County Court of Throckmorton. Tried below before the Hon. T. J. Wright.

Appeal from a conviction of· unlawfully catching fish; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Complaint and information were filed against appellant October 12, 1911, charging him with a misdemeanor. He was arrested, and his case called for trial on that day, when he filed the following motion:

"Comes now the defendant in the above entitled and numbered cause and shows to the court that the warrant of arrest was served upon him in this cause upon the 12th day of October, 1911, at 11 o'clock a. m. That he had not theretofore been arrested on any warrant in this case or for any character of offense growing. out of the transaction: Wherefore he prays that the cause be postponed for two full days to enable defendant to prepare for trial."

The court overruled the motion and required appellant to proceed

with the trial on the same day and within a few hours after his arrest. Appellant excepted to the ruling of the court, and presents the question by a proper bill of exception.

It may be, as the trial judge says in his qualification to the bill, that appellant presented no good reason why the time should be granted; however, the statute gives to every defendant two days after his arrest in which to prepare his case for trial. It has been held by this court that it is not necessary for a defendant to make known to the court what character of pleadings he desires to file, or that he desires to present any, the statute giving him this time he is entitled to it when he requests it. (Evans v. State, 36 Texas Crim. Rep., 32; Reed v. State, 31 Texas Crim. Rep., 35; Art. 567, Code Crim. Pro.) It may be that the law should read, for good cause shown the time would be granted, but the Legislature has not so provided, but the Legislature has enacted that two days time shall be granted in every case, and then if further time is desired, good cause must be shown.

For the error of the court in requiring defendant to go to trial on the same day that the information and complaint was filed, and on the day he was arrested, this cause is reversed and remanded.

*Reversed and remanded.*