EARL MATHESON v. THE STATE.

No. 6741.    Decided May 24, 1922.

**Theft—Copy of Indictment—Practice in District Court.**

In the instant case the court was not in error in refusing to delay the trial for two days, but was not warranted in refusing to grant appellant's request to be furnished with a copy of the indictment, and the judgment must therefore be reversed and the cause remanded. Following Venn v. State, 86 Texas Crim. Rep., 218, and other cases.

Appeal from the District Court of Wichita. Tried below before the Honorable T. A. Martin.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Myers,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of the theft of a cape, which was stolen from a store and found in his possession; punishment fixed at confinement in the penitentiary for two years.

Before announcing ready for trial, appellant filed a motion verified by his oath, in which he stated that he had never been served with a copy of the indictment; that he had not waived the same, and added: "He now prays that he be furnished with a certified copy of said indictment," and he also claims the two days allowed by law in which to file written pleadings. The court, in qualifying the bill states that appellant had been at large on bail and had an opportunity to procure the indictment, either in person or by his attorney and to inspect the original bill. Appellant not being in custody, it was not required that he be served with a copy of the indictment against him. See Articles 551 and 552, Code of Crim. Proc. In Art. 553, however, it is said that *"when the defendant in a case of felony is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall deliver a copy of the same to the defendant or his counsel, when requested, at the earliest possible time."* In the instant case, the court was not in error in refusing to delay the trial for two days, but was not warranted in refusing to grant appellant's request to be furnished with a copy of the indictment. The subject is fully discussed in Venn v. State, 86 Texas Crim. Rep., 218.; Reville v. State, 87 Texas Crim. Rep., 218, 218 S. W. Rep., 1045; Mayes v. State, 87 Texas Crim. Rep., 512, 222 S. W. Rep., 571; Wray v. State, 89 Texas Crim. Rep., 632, 232 S. W. Rep., 809. In these cases, the statutory and constitutional provisions and the earlier decisions are reviewed. The conclusion therein stated is that a copy of the indictment should not be refused when demanded by the accused at any time before he announces ready for trial when one has not previously been served upon him, and when he has not waived his right to demand it. The mere fact that he might have demanded it earlier or that his attorney might have done so or that he might have examined the original indictment does not constitute a waiver. The command of the statute is imperative and is in accord with the Constitution. It requires that a copy of the indictment be delivered to the accused. This is not an onerous duty imposed upon the court or its officers. It need result in no delay, and we really can discern no reason why it should be denied. At all events, the Constitution and the statute confer upon one accused of a felony the right to a copy of the indictment and impose upon the officers of the court the duty to furnish it. Following the previous decisions of this court, we are constrained to hold that in the instant case the appellant not having been served or furnished with a copy of the indictment, and not having waived his right to one, the court committed error in refusing to supply it.

Because of the error pointed out, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*