## C. W. GILLISPIE v. THE STATE.

### No. 7629. Decided April 18, 1923.

**1.—Intoxicating Liquor—Possession—Copy of Indictment.**

Where, upon trial of possession of intoxicating liquor for the purpose of sale, etc., the record showed that preliminary to the trial defendant by motion requested that he be furnished a copy of the indictment against him, which was refused on the theory that by defendant's failure to demand it earlier, he had waived his right to such copy, the same was reversible error, in the absence of a sufficient showing why such request should have been denied. Following Wray v. State, 89 Texas Crim. Rep., 632, and other cases.

**2.—Same—Indictment—Separate Felonies.**

Where there were two counts in the indictment alleging separate felonies, and the jury found defendant guilty of both, *held*, that he should have been found guilty of but one offense. Following Banks v. State, 246 S. W. Rep., 132, and other cases.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of selling and transporting intoxicating liquor; penalty, one year imprisonment for each offense.

The opinion states the case.

*Simpson, Moore & Parker* for appellant.—On question of election by State, Miller v. State, 16 Tex. Crim. App., 417, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—Appellant was charged in separate counts with the possession of intoxicating liquor for the purpose of sale and of the unlawful transportation of such liquor.

From the bill of exceptions, it appears that preliminary to the trial, appellant, by motion duly presented, requested that he be furnished a copy of the indictment against him. This was refused on the theory that by his failure to demand it earlier, the appellant had waived his right to such copy. It is true that the right to make such demand may be waived either expressly or by conduct of the accused. Barrett v. State, 9 Texas Crim. App. 33; Rice v. State, 49 Texas Crim. Rep. 574; Keener v. State, 51 Texas Crim. Rep. 590; Scovill v. State, 77 S. W. Rep. 792; Revill v. State, 87 Texas Crim. Rep. 3. It is also true that the mere failure to make the demand at a date earlier than the day of trial will not alone suffice to establish such waiver. The right to such copy is given by Article 1, Sec. 10

94 T. C.—16

of the Const., and by Article 553, C. C. P. We are unable to discern any reason in the instant case why the request should have been denied. It would have caused neither delay, expense nor inconvenience to have complied with such request. Refusal to do so without sufficient excuse has often been held fatal to the conviction. Brewin v. State, 48 Texas Crim. Rep. 51; Revill v. State, 87 Texas Crim. Rep. 4; Venn v. State, 86 Texas Crim. Rep. 633; Mayes v. State, 87 Texas Crim. Rep. 512; Wray v. State, 89 Texas Crim. Rep. 632; Matheson v. State, 92 Texas Crim. Rep., 209, 241 S. W. Rep. 1014. The Assistant Attorney General concedes that because of this error the judgment must be reversed.

We note also that there are two counts in the indictment charging separate felonies. The jury found him guilty of both and he was adjudged guilty of both. He should have been adjudged guilty of but one offense. Banks v. State, 93 Texas Crim. Rep., 117, 246 S. W. Rep. 132; Knott v. State, 93 Texas Crim. Rep., 239, 245, 247 S. W. Rep. 520-522; Zilliox v. State, 93 Texas Crim. Rep. 301, 247 S. W. Rep. 523.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*