Frank James v. The State.

No. 12683.   Delivered November 6, 1929.

The opinion states the case.

*Mathis, Teague & Mathis* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney of Houston, and
*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for burglary with intent to
murder; punishment three years in the penitentiary.

Examination of this record leads us to conclude that we are
under the necessity of reversing the case for failure to accord to
the accused a right guaranteed him by our statutes.   There is but
one bill of exceptions which complains of the refusal of two days'
time after service of a copy of the indictment.   There is a lengthy
qualification to the bill which brings into this record many pages of
extended and apparently heated examinaton of witnesses, includ-
ing attorneys and also the judge of the trial court, the point in
which seems to have been to prove a waiver of said two days' time
by appellant's attorney, possibly in the presence of appellant.   The
weight of evidence seems to support the finding of the court as set
out in his qualification to said bill to the extent of establishing

such waiver, but the proof seems wholly lacking of the fact that appellant himself waived said time. His presence in the court room when such waiver was made by his counsel may be conceded, but the record must go further and show some conscious assent on the part of appellant in person. Beginning with the early opinions of this court down to now, we have always held that the accused himself must make waiver of service of a copy of the indictment. McDuff v. State, 4 Texas Crim. App. 58; Lightfoot v. State, 77 S. W. Rep. 793; Venn v. State, 86 Texas Crim. Rep. 633; Buckley v. State, 108 Texas Crim. Rep. 60. No question is made of the fact that appellant was in custody at the time he was served with a copy of the indictment on January 29th. That he was entitled to such service is clear. Art. 515 C. C. P. plainly states that if entitled to such service the accused shall be allowed two days after service to file written pleadings. Woodall v. State, 25 Texas Crim. App. 617; Evans v. State, 36 Texas Crim. Rep. 32; Whitesides v. State, 44 Texas Crim. Rep. 410; Buckley v. State, 108 Texas Crim. Rep. 60. There is no dispute of the fact that he was not given the two days sought, after service of a copy of the indictment. For the error of the refusal of same, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*