C. C. Weir v. The State.

No. 13134. Delivered February 26, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 271.

The opinion states the case.

*Lee P. Pierson* and *R. H. Beville,* both of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, bigamy; penalty, two years in the penitentiary.

The indictment in this case is under attack. The accusatory portion of same is as follows:

"That one C. C. Weir on or about the 24th day of December, A. D. 1928, in the County of Donley, State of Texas, did marry Claire De Young and at the time of said marriage the said C. C. Weir had a former wife then living, who was known as Maggie Weir to whom he had theretofore been and then and there was legally married; and thereafter, to-wit, on or about the 1st day of January, A. D. 1929, the said C. C. Weir and Claire De Young lived and cohabited together as man and wife in the County of Potter, State of Texas."

The claimed fatal defects in this are: (1) The absence of an allegation that at the time of the alleged cohabitation of C. C. Weir and Claire De Young in Potter County, Texas, appellant's former wife was still living; (2) that it is not alleged that the marriage to Claire De Young was unlawful; (3) nor that at the time of the alleged second marriage appellant was then and there legally married to the alleged former wife, Maggie Weir.

Two articles of the Penal Code and one of the Code of Criminal Procedure are quoted to illustrate the point discussed.

"Any person who has a former wife or husband living who shall marry another in this State shall be confined in the penitentiary not less than two nor more than five years." Art. 490, P. C.

"The preceding article does not apply to one whose husband or wife shall have been continually remaining out of the State or shall have voluntarily withdrawn from the other and remained absent for five years, the one marrying again not knowing the other to be living within that time, nor to any one who has been legally divorced." Art. 491, P. C.

"Bigamy may be prosecuted in the county where the bigamous marriage occurred or in any county in this State in which the parties to such bigamous marriage may live or cohabit together as man and wife." Art. 206, C. C. P.

By Art. 490, supra, the offense is complete when a bigamous marriage occurs, regardless of cohabitation in the county of the marriage or another county. The right to prosecute is given by Art. 206, C. C. P., in either the county of the marriage or in any county where the couple may live or cohabit together, but living or cohabiting together in another county is not made an offense as it is in some jurisdictions and in this fact lies the difference between our statute and that of other jurisdictions, particularly that discussed in Price v. People, 250 Ill. 109, cited by appellant to sustain his proposition that the indictment should have alleged that at the time the couple were cohabiting and living together in Potter County the former wife was still living. Since the offense was already complete at that time, it was only necessary to make the allegation of living and cohabiting together for the purpose of establishing venue, and it was not necessary for the indictment to allege further than it did, namely that at the time of his second marriage he had a former wife then living.

Nor was it necessary to expressly allege that he was unlawfully married the second time. The accusatory facts set out were equivalent to an allegation that the second marriage was unlawful. Ferrell v. State, 45 Florida 26.

The indictment is regarded as sufficiently alleging that at the time of his second marriage he had a former wife then living to whom he had been theretofore legally married. It perhaps does not sufficiently aver that he was at the time of his second marriage "then and there" legally married, due to the use of the word "there"

instead of the word "then." A legal marriage may be terminated in two ways only, to-wit, by death and by divorce. The marriage had not been dissolved by death, as shown by the allegations that the wife number one was "then living." It was not necessary to allege that it had been dissolved by divorce, such being defensive matter contained in Art. 491, P. C., and not a part of the definition of the offense and therefore not necessary to plead. We think the allegations of the indictment taken as a whole are sufficient to show a former marriage status at the time of the second marriage and that same had not been dissolved by death, it being unnecessary to negative the existence of divorce. Hull v. State, 7 Tex. Crim. App. 593; 7 C. J. p. 1176. Discussing a somewhat similar contention, this Court in the case of May v. State, 4 Tex. Crim. App. 424, used the following language:

"Mr. Greenleaf lays down the rules with regard to the sufficiency of, and proof necessary to sustain, an indictment for bigamy. He says: 'The indictment states the first and second marriages, and alleges that at the time of the second marriage the former husband or wife was alive. The proof of these three facts will, therefore, make out the case on the part of the prosecution.' 3 Greenl. on Ev., sec. 204.

" 'The defense may be made by disproving either of the points above stated. * * * The defense may be made by showing that the prisoner's case comes within any of the exceptions found in the statutes, such as absence of the former partner for seven (five) years, unheard of; previous divorce a vinculo matrimonii, or the like.' Ibid. 208."

We do not recommend this form of indictment as a model but believe on the whole it sufficiently meets the demands of the law.

No statement of facts accompanies the record herein. A bill of exception appears in the transcript questioning the correctness of the trial court's holding in overruling appellant's motion for continuance. We are unable to appraise this in the absence of a statement of facts. Texas Jurisprudence, Vol. 4, Paragraphs 167 and 174.

If we understand the next contention of appellant, it is that the Court erred in refusing to quash the indictment herein because a certified copy of the indictment was not served upon appellant as required by Art. 487, C. C. P., and Art. 493, C. C. P. As we construe this bill, it fails to contain a certificate of the judge that appellant was in custody so as to make such service mandatory. It is not claimed that a literal copy of the indictment, with the exception,

perhaps, of the number on the indictment, was not served on appellant. The certificate of the clerk is claimed to be defective, but where an actual literal copy of an indictment was delivered to appellant, we fail to see how he could have been injured or how same would constitute reversible error. See Luster v. State, 141 S. W. 213; Hargrove v. State, 51 S. W. 1124; Barrett v. State, 9 Tex. Crim. App. 33; Bonner v. State, 29 Tex. Crim. App. 223, where kindred questions were discussed. We do not interpret the appellant's bill presenting this matter as showing that any request for a postponement for two days was made after service of the purported copy, or that any objection was made to going to trial, further than might be inferred from the motion to quash the indictment. The number contained on the back of the indictment appeared to be erroneous at one time, but it was subsequently changed by the officers so as to show the correct number, but when this change occurred is not averred. The certificate of the clerk appears to have been dated on June 25, 1929, while the trial was had on June 29, 1929, which gave ample time for the correction as to the number to have been made more than two days before the trial. In our opinion the bill shows no error. It is not meant by the above discussion to impliedly hold, that such a question may be reached by a motion to quash.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the motion for rehearing and are of the opinion that the proper disposition of the case was made upon the original hearing.

*Overruled.*