## J. C. MILLER V. THE STATE.

No. 15715.   Delivered April 26, 1933.
Reported in 59 S. W. (2d) 842.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, rape; the punishment, 7 years in the penitentiary.

The facts in brief are as follows: At the time the offense was alleged to have been committed, the prosecutrix was 16 years of age and the appellant was 17. It seems from the testimony of the prosecutrix that the appellant and the prosecutrix and others had attended a dance at the Howard Payne Academy, and, after leaving the dance, the appellant and the prosecutrix and another couple rode around for a while and drank some wine. Subsequently they took the other young lady home and the other boy, one Drake, then got out of the car. The appellant and the prosecutrix then drove around together, both of them driving the car at different times. The prosecutrix ran into a post near a park while driving, and the appellant then drove the car into the park and got out to see what damage had been done to the car; the prosecutrix remaining in the car, according to her testimony. The prosecutrix then got out of the car and sat on the running board in order to let the appellant get some tools from under the seat, and then sat down on the ground when the appellant told her he would have to get some tools out of the tool box on the running board. After the appellant had examined the car he suddenly jumped on the prosecutrix and over her protests and against her struggles succeeded in having carnal intercourse with her.

It is made to appear by bill of exception No. 2 that, before announcing ready for trial, appellant filed a motion to the effect that he had not been served with a copy of the indictment, and requested that a copy of the indictment be furnished him as required by law, and that the cause be postponed for two days in order that he might have sufficient time to prepare for trial and that the court hear evidence on his motion. There is nothing in the bill of exception or the record to show that any contest of said motion was made. The motion alleged that the appellant was indicted in said cause on May 26, 1932, and at the time said indictment was returned into court he was incarcerated in the Brown county jail at Brownwood, Texas, where he had been confined for some two weeks on said charge; that, at the time the capias was issued and served on him, he was still confined in said jail, and at the time of so being served with the capias he was not served with a certified copy nor with a substantial copy of the indictment, and further showed that at no time theretofore or since had he waived the right to have said copy served on him. The bill further shows that the court required the clerk to furnish the appellant with a copy of the indictment pending against him, and that the same was fur-

nished on said date; that the court refused to allow a postponement for two days in order that he might prepare for trial, and ordered the appellant to go to trial on said date, to which action of the court the appellant in open court excepted.

In addition to the facts above stated, it is shown that at the time the request was made there had been no waiver on the part of the appellant to have a copy of said indictment served upon him, and the case was called for trial and tried at the same term of court the indictment was returned, and there had been no postponement of said case prior to the time it was tried.

It has often been held by this court that, by virtue of article 1, section 10 of the Constitution, one is entitled to a copy of the charge against him. The Legislature has enacted certain articles of the Code of Criminal Procedure which govern the proceedings of the trial of criminal cases in this state. Those which control the procedure involved in the question now before this court are articles 487, 488, 514, and 515 of the C. C. P. Article 487 provides that in every case of a felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver said copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused. Article 488 provides that, upon receipt of such writ and copy, the sheriff shall immediately deliver such certified copy of the indictment to the accused and return the writ to the clerk issuing the same, with his return thereon, showing when and how the same was executed. Article 514 provides that in all cases the defendant shall be allowed two entire days, exclusive of all fractions of a day after his arrest, and during the term of the court to file written pleadings. Article 515 provides that in cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the two days mentioned in the preceding article to file written pleadings after such service.

In the case of Holden v. State, 71 S. W., 600, it was held that articles 487 and 488 of the C. C. P. were mandatory, and the said articles required the court in every case of felony, when the accused is in custody, etc., to have the clerk, when the indictment is presented, make out a certified copy of the same and deliver it to the sheriff, who was required to serve the same on the defendant, and that articles 514 and 515 of the C. C. P. indicated that the purpose of this service of the copy of the indictment was to allow two entire days after the arrest of the

defendant and after service of a copy of the indictment in which to prepare and file written pleadings.

In the case of Brewin v. State, 85 S. W., 1140, it appears that, when that case was called for trial, the appellant asked for a postponement for two days because she had not been served with a copy of the indictment, which request for postponement was overruled. It further appears that, when the capias was served on the appellant the day following the indictment, she was in jail, but subsequently was released on recognizance. When appellant asked for the postponement of the trial on account of the failure to have a copy of the indictment served upon her and for two days in which to prepare for trial, the court ordered the clerk to furnish appellant with a copy of the indictment, which was done, but the court refused to postpone the case for two days and forced the appellant to proceed with the trial. It was held by Judge Davidson in that case that under the showing made appellant was entitled to the postponement upon the grounds that this was a requirement of the statute and under the unbroken line of decisions construing the statutes, citing, among other cases, in support of said contention the case of Holden v. State, supra.

In the case of Herd v. State, 13 S. W. (2d) 110, it was held that the mere fact that the accused or his attorney could have demanded a copy of the indictment earlier or that he might have examined the original indictment does not constitute a waiver, citing in support of said holding Matheson v. State, 92 Texas Crim. Rep., 208, 241 S. W., 1013; Gillespie v. State, 94 Texas Crim. Rep., 241, 250 S. W., 681.

We find in the record no previous words or conduct on the part of the appellant sufficient to constitute a waiver of his right to demand a copy of the indictment and the right to a postponement of the case for two days after the service of a copy of said indictment. The holdings in the cases above cited have not been overruled in any cases we have been able to find or that our attention has been called to, and it will be seen that, under the construction placed upon said articles above quoted, certain rights are given to appellant, and the courts are not authorized to ignore said rights unless they have been waived or said provisions of said articles quoted have been substantially complied with.

Appellant also complains of the refusal of the trial court to quash the special venire summoned in this case and also in refusing to grant his first application for a continuance or to give him time to fully prepare said application. There are also several bills of exception complaining of the argument of the

district attorney and also the refusal of the trial court to charge the jury to disregard same. None of said questions are likely to occur on another trial of this case, and, as the case will have to be reversed upon another ground, we deem it unnecessary to discuss said complaints.

Because of the refusal of the trial court to allow the appellant two days time as required by law after the service of the copy of the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.