## BURNICE TILLMAN v. THE STATE.

No. 16996. Delivered October 31, 1934.
Reported in 75 S. W. (2d) 683.

The opinion states the case.

*Miles Smith,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assault with intent to murder, and his punishment assessed at confinement in the State penitentiary for a term of one year.

At the very threshhold of this case we are confronted with a bill of exception which complains of the action of the trial court in putting the appellant on trial on the same day and within less than an hour after he was arrested. The bill of exception embraces the appellant's motion praying for a postponement of the trial for a period of two days in order that he may prepare for his defense and have time in which to have process issued for his witnesses. The motion for a postponement is sworn to by the appellant. However, this court would not be required to accept the matters stated in said sworn motion as true, but the record before us discloses that the indictment was returned and filed in the District Court of Henderson County on the 2nd day of February, 1934; the sheriff's

return attached to the motion for new trial shows that the warrant of arrest was issued on the 12th day of February at 9:30 and was executed on said day at 9:45 by arresting the within named Burnice Tillman near Athens in Henderson County, Texas, and placing him in jail. The capias shows that it was issued on the 12th of February, 1934, by Kage Nowlin, Clerk of the District Court, Henderson County, Texas, and the judgment of conviction shows that appellant was tried and convicted on the 12th day of February, 1934. Article 514, C. C. P., provides as follows: "In all cases defendant shall be allowed two entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." It will be observed that this statute grants the defendant two days time, if he desires it, within which to prepare for trial. This statute has been held to be mandatory in the case of Stephens v. State, 66 Tex. Crim. Rep., 359; James v. State, 113 Tex. Crim. Rep., 305; Miller v. State, 59 S. W. (2d) 842. These authorities are deemed sufficient to support the contentions of the appellant.

Therefore, in obedience to the express provisions of the article of the Code of Criminal Procedure above quoted and the authorities referred to, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.