HELEN GONZALES V. STATE.

No. 30,410. February 11, 1959.

*Larry Emerson* and *W. E. Martin,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, David A. Gibson,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is keeping a bawdy house; the punishment, 80 days in jail and a fine of $800.

The record shows that after a mistrial of appellant's case in either April or June, 1958, a new complaint and information alleging the same charges were filed against her on June 9, 1958. The warrant of arrest was issued and placed in the hands of the sheriff on the same day.

Thereafter, about 4:30 P.M., August 7, 1958, when appellant's case was called for trial she announced ready and entered a plea of not guilty. The state introduced some testimony and then the court recessed until the following day.

The record further shows that the warrant of arrest issued June 9, was executed by the arrest of the appellant on the morning of August 8, 1958. Following her arrest on August 8, she and her attorneys discovered for the first time that a new complaint and information had been filed June 9.

Appellant then informed the court that her arrest on the morning of August 8 was the first information she had of the re-filing by the state of the case in which there had been a mistrial. She requested the court to permit her to withdraw her announcement of ready and allow her two days to prepare for trial in the new case. Such request was refused and appellant excepted.

A new case was instituted when the state filed the new complaint and information. This prosecution is based upon the

state's pleadings in the new case filed June 9, resulting in her arrest therefor on August 8.

Art. 514, Vernon's Ann. C.C.P., provides that "In all cases the defendant shall be allowed two entire days, exclusive of all fractions of a day *after his arrest,* and during the term of the court, to file written pleadings."

The facts and circumstances of this case are not sufficient to warrant the conclusion that the appellant knew that she was announcing ready in the new case and thereby waived her right to the time allowed by statute to prepare for trial.

The time allowed by the statute confers a valuable right and must be complied with upon the demand of the accused. Harris v. State, 32 Texas Cr. Rep. 279, 22 S.W. 1037; Whitesides v. State, 44 Texas Cr. Rep. 410, 71 S.W. 696; McFadin v. State, 44 Texas Cr. Rep. 471, 72 S.W. 172; Templeton v. State, 66 Texas Cr. Rep. 369, 146 S.W. 933; Stephens v. State, 66 Texas Cr. Rep. 359, 147 S.W. 235; Tillman v. State, 127 Texas Cr. Rep. 246, 75 S.W. 2d 683; Pugh v. State, 163 Texas Cr. Rep. 258, 289 S.W. 2d 929.

No conclusion is expressed as to the other contentions presented.

For the failure to grant appellant's request for the two days' time allowed by statute, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.