Darnell JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 56088.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 21, 1978.

Dan V. Dent, Hillsboro, for appellant.

Charles F. Campbell, Jr., Dist. Atty., Hillsboro, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. Punishment, enhanced by one prior conviction,[1] was assessed at 99 years.

Appellant complains that the trial court erred by failing to give him ten days after the service of the indictment in which to prepare for trial.

The prosecution in the instant case is based on a robbery which occurred at the First National Bank of Bynum on November 2, 1976. Appellant was arrested on November 16, 1976. Appellant was first indicted on December 9, 1976, along with three other men, for this crime. Appellant was reindicted February 2, 1977, and prosecution herein was based on that indictment. Trial was held on February 8 and 9, 1977. Before trial began, appellant requested a continuance because he had not had ten days to prepare for trial after being served with a copy of the indictment upon which prosecution was based as required by Art. 27.12, V.A.C.C.P.

Article 27.12, supra, provides:

---

1. See V.T.C.A., Penal Code, Sec. 12.42(c).

"In cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the ten days time mentioned in the preceding Article[2] to file written pleadings after such service."

The appellant was confined continuously from the time of his arrest until the time of trial. Clearly, he had the absolute right to be served with a copy of the indictment against him. Arts. 25.01 and 25.02, V.A.C. C.P.[3]

▉ Appellant's right to be served with a copy of the indictment is not affected by the fact that it was a reindictment. In *Lockwood v. State,* 32 Tex.Cr.R. 137, 22 S.W. 413, this Court said: "The fact that the second indictment charges the same offense as that charged in the first does not deprive the accused of the time allowed by the statute in which to prepare for trial." See also: *Stokes v. State,* 35 Tex.Cr.R. 279, 33 S.W. 350; *Harris v. State,* 32 Tex.Cr.R. 279, 22 S.W. 1037.

Looking at the dates of indictment and trial in the instant case makes it clear that ten days could not have elapsed between the time the grand jury met and trial. The indictment was returned by the grand jury only six days before trial started. Even if appellant had been served with the indictment immediately after it was returned by the grand jury, he could not have been given the ten days required by Art. 27.12, supra.

▉ The State contends that no error was committed because appellant was given a "copy" of the indictment before it was returned by the grand jury. The record reflects that on January 27, 1977, H. E. Wardlow, an Investigator for the Hill County District Attorney's Office, served a copy of the proposed indictment on the appellant while he was being held in jail in Bastrop. Another copy of the proposed indictment was served on appellant's attorney on January 28, 1977.[4]

The State relies on cases such as *Wright v. State,* 109 Tex.Cr.R. 164, 3 S.W.2d 804, and *Weir v. State,* 115 Tex.Cr.R. 491, 26 S.W.2d 271, for the proposition that when an accurate copy of the indictment is served on a defendant with a defect such as lack of certification, it will not constitute reversible error. These cases are not applicable to the instant situation. Appellant was not served with a copy of the indictment, but with a copy of a proposed indictment which the District Attorney had drawn. It is undisputed that at the time appellant was served the grand jury had not even been given the proposed indictment for consideration.

Article 21.01, V.A.C.C.P., provides:

"An 'indictment' is the *written statement of a grand jury* accusing a person therein named of some act or omission which, by law, is declared to be an offense." [Emphasis supplied.]

Article 21.02, V.A.C.C.P., sets forth nine "requisites of an indictment," among which are the following:

2. V.A.C.C.P. Art. 27.11, provides:
   "In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings."

3. Article 25.01, V.A.C.C.P., provides:
   "In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused."
   Article 25.02, V.A.C.C.P., provides:
   "Upon receipt of such writ and copy, the sheriff shall immediately deliver such certified copy of the indictment to the accused and return the writ to the clerk issuing the same, with his return thereon, showing when and how the same was executed."

4. While the record is not completely clear on the point, it appears that appellant was never served with a copy of the indictment after it had been returned by the grand jury. Article 1, Sec. 10, Vernon's Ann.Constitution of Texas, provides, in pertinent part: "He [an accused] shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." See: *Holden v. State,* 44 Tex.Cr.R. 382, 71 S.W. 600; *Venn v. State,* 86 Tex.Cr.R. 633, 218 S.W. 1060; *Pabst v. State,* 96 Tex.Cr.R. 617, 259 S.W. 577, and cases there cited.

"3. It must appear to be the act of a grand jury of the proper county.

\* \* \* \* \* \*

"9. It shall be signed officially by the foreman of the grand jury."

An examination of the document served on appellant in light of the above statutes reveals that it cannot be a "copy of an indictment." Since the document is not a copy of a grand jury indictment, it is not the "statement of a grand jury" as required by Art. 21.01, supra. The document does not bear the signature of the grand jury foreman or anyone else. Since the document was not a copy of an indictment, it had no legal significance. The document was not even sufficient to constitute an information, see Arts. 21.21 and 21.22, V.A. C.C.P., or a complaint, see Art. 15.05, V.A.C. C.P.

It is impossible to serve a defendant with a copy of something that does not yet exist. Article 27.12 gives a defendant at least ten days after indictment before going to trial. While the proposed indictment in the instant case is identical with the one actually returned by the grand jury, there was no way of knowing what action the grand jury would take before they were presented with the case. The grand jury could have made substantial changes in the indictment or refused to return an indictment at all.

The instrument served on appellant herein clearly was not sufficient to start the ten-day period provided for by Art. 27.12, supra.

When a defendant has properly requested the time given him by Art. 27.12, supra, and such request is refused, reversible error has been committed. See: *Gonzales v. State,* 167 Tex.Cr.R. 377, 320 S.W.2d 679; *Tillman v. State,* 127 Tex.Cr.R. 246, 75 S.W.2d 683; *Miller v. State,* 123 Tex.Cr.R. 507, 59 S.W.2d 842; *James v. State,* 113 Tex.Cr.R. 305, 21 S.W.2d 667.[5]

In the instant case, appellant called the trial court's attention to Art. 27.12, supra, and requested to be given ten days as re-

quired by the statute. The trial court's action in denying appellant's request requires reversal.

The judgment is reversed and the cause remanded.

---

**5.** These cases were all decided under Arts. 514 and 515, Vernon's Ann.C.C.P. (1925), which differed from Arts. 27.11 and 27.12, supra, only in that they allowed two instead of ten days.