TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00618-CR

Ex parte Christopher Cruz Montemayor, Appellant

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 98-404-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

Christopher Cruz Montemayor is incarcerated pending trial on an indictment
accusing him of aggravated sexual assault. He applied for a writ of habeas corpus seeking release 
because of delay in the State's readiness for trial. See Tex. Code Crim. Proc. Ann. art. 17.151
(West Supp. 1999). The writ issued and relief was denied following a hearing. By two points of
error, Montemayor contends the evidence does not support the court's finding that the State was
ready for trial within the time allowed by statute.

A defendant who is detained pending trial of a felony must be released either on
personal bond or by reducing the amount of bail required if the State is not ready for trial within
ninety days from the commencement of the detention. Id. § 1(1). Montemayor was arrested on
June 16, 1998. He was indicted on September 8, and the State filed a written announcement of
readiness for trial on September 10. This announcement constitutes a prima facie showing of
readiness. Jones v. State, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). Montemayor contends
this prima facie showing was rebutted because he was not served with a copy of the indictment
until September 23, after the ninety-day time limit had expired.

A defendant has an absolute right to be served with a copy of the indictment against
him at least ten days before trial begins. Johnson v. State, 567 S.W.2d 214, 215 (Tex. Crim.
App. 1978); Tex. Code Crim. Proc. Ann. arts. 25.01, 25.02, 27.12 (West 1989). Montemayor
argues that because he could not be tried until at least ten days after service of the indictment, the
State could not have been ready for trial within the statutorily prescribed time period. He cites
no authority directly supporting this argument.

Article 17.151 by its terms is concerned only with the State's readiness for trial. 
See May v. State, 738 S.W.2d 261, 271 (Tex. Crim. App. 1987); Phillips v. State, 651 S.W.2d
745, 746 (Tex. Crim. App. 1983). The State's failure to serve Montemayor with a copy of the
indictment would have entitled him to a continuance had this cause been called for trial on
September 10. See Johnson, 567 S.W.2d at 216. This does not mean, however, that the State was
not in fact ready for trial on that date. See May, 738 S.W.2d at 271-72 (State's failure to comply
with discovery order did not rebut presumption of readiness); Ward v. State, 659 S.W.2d 643, 647
(Tex. Crim. App. 1983) (defect in indictment did not rebut presumption of readiness). The State's
timely announcement of ready was not rebutted, and supports the district court's order denying
relief under article 17.151. The points of error are overruled. (1)

The district court's order is affirmed.

 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 25, 1999

Do Not Publish

1. Several of the cited opinions were decided under the now defunct Speedy Trial Act, of which
article 17.151 was originally a part. Cases decided under the act are instructive under article
17.151. Jones, 803 S.W.2d at 717.