Carmon Cornelius QUICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00506–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 1999.

H. Everett Kennedy, Richmond, for appellants.

* Senior Justice John Hill sitting by assign-

John Harrity, III, Richmond for appellees.

Panel consists of Justices YATES, EDELMAN, and HILL.*

**O P I N I O N**

JOHN HILL, Justice (Assigned).

Carmon Cornelius Quick appeals his conviction by a jury for the offense of failure to identify. After the jury returned its guilty verdict, the trial court accepted an agreement between Quick and the State and assessed his punishment at $100 fine, court costs, 180 days in jail probated for 24 months, and 100 hours community service. Quick presents four points of error, contending (1) the evidence is insufficient to prove that he gave a false or fictitious name to a peace officer while he was under arrest or detention; (2) the evidence is insufficient to prove that he was a fugitive from justice; (3) the evidence is insufficient to prove that Thomas Culver, judge of the 240th District Court, issued a valid arrest warrant for him; and (4) the trial court erred by not including a definition of "detained" in its charge.

We reverse the judgment and remand this cause for entry of a judgment of acquittal because the evidence is legally insufficient to support the conviction.

Quick urges in point of error number one that the evidence is insufficient to support his conviction because the State failed to prove that he gave a false or fictitious name to a peace officer while he was under arrest or detention. In reviewing the legal sufficiency of the evidence, we must determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We must mea-

ment.

sure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case. *See Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

The essential elements of the offense of failure to identify are: (1) a person, (2) intentionally refuses to give his or her name, residence address, or date of birth, or intentionally gives a false or fictitious name, residence address, or date of birth, (3) to a peace officer, (4) who has lawfully arrested or detained him or her, or who has requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense. TEX. PEN.CODE ANN. § 38.02 (Vernon 1989). With the addition of the element of the defendant being a fugitive from justice at the time of the offense, the offense is a Class B, as opposed to a Class C, misdemeanor.

Here, a deputy sheriff proceeded to a residence at about 10:45 p.m. to serve a capias warrant by arresting one "Carmon [sic] Cornelius Quick."[1] When Quick opened the front door of the residence, he was separated from the deputy by burglar bars which were about three or four feet from the front door.

The deputy sheriff testified that he identified himself as a deputy sheriff and asked Quick who lived at the residence or what was the last name of the person who lived at the residence. Quick answered that it was the Johnson residence and told the officer that his name was Johnson. After the deputy showed him the felony warrant for Carmon Cornelius Quick and showed him the charge, Quick again stated that his name was Johnson. Subsequently, Quick told the deputy that he knew Carmon Cornelius Quick because he stayed at the residence from time to time, but that Quick was not there. The deputy testified that he knew Quick was lying when he showed

an interest in the amount of the bond set forth on the warrant.

The deputy sheriff then told Quick that he had a felony warrant and would come in the house to serve it. He indicated to Quick that he needed to open the burglar bars. At that point, Quick said, "It's me, it's me," then shut the front door of the residence. A deputy constable then arrived and the deputy sheriff directed him to the back of the house in case Quick attempted to leave out the back door. Subsequently, the garage door of the residence opened and Quick, who was standing there, identified himself as Carmon Quick.

Quick contends that the evidence is insufficient to support his conviction because it fails to show that he was either under arrest or was detained at the time that he gave the officer a false name. It is undisputed that Quick was not under arrest at the time that he gave the deputy sheriff a false name. Therefore, we must determine whether a rational trier of fact could have concluded that Quick was detained by the deputy sheriff at the time that he gave the false name.

■  Under the United States Constitution and Texas Constitutions, a seizure, whether an arrest or a detention, does not occur until a reasonable person would believe that he or she was not free to leave, and that person has yielded to the officer's show of authority or been physically forced to yield. *See Johnson v. State,* 912 S.W.2d 227, 236 (Tex.Crim.App.1995).

■  In summation, the evidence showed that the deputy sheriff revealed to Quick his authority for Quick's arrest; Quick gave the officer a false name after learning the officer's authority and that the officer had a capias warrant to arrest him for a felony; Quick then acknowledged who he was and *surrendered* himself to the officer. Inasmuch as Quick had not yielded to the officer's show of authority or been physi-

---

1. We note that the indictment and capias in this matter name Carmon Cornelius Quick while the judgment names Carmen Cornelius Quick. Appellant, however, does not complain of this on appeal.

cally forced to yield at the time that he gave the officer a false name, Quick had not been detained at that time. He had acknowledged who he was by the time that he yielded to the officer's show of authority. Because Quick was not under arrest or detained at the time that he gave the officer a false name, the evidence is legally insufficient to support his conviction.

The State urges that Quick was detained at the time he gave a false name because he was not free to leave and because the deputy had the authority to use force, if necessary, in order to execute Quick's arrest warrant. Neither of these arguments changes the fact that Quick was not under arrest at the time he gave a false name, had not yielded to the officer's authority, nor had he been forced to yield to the officer's authority. We sustain point of error number one. In view of our determination of this point of error, we need not consider the remaining points of error. We reverse the judgment and remand this cause for the entry of a judgment of acquittal.