NUMBER 13-00-367-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


RAYMOND JOSEPH ROY , Appellant,


v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 103rd District Court

of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey



 Raymond Roy appeals his conviction for possession of a controlled substance over 400 grams (cocaine) on the grounds
that the trial court erred in denying his motion to suppress because the arresting officer had no probable cause or other
lawful authority to detain and search him. We affirm.

Background



On the morning of August 3, 1999, appellant entered the Valley International Airport in Harlingen, Texas, to board a flight.
As appellant was leaving the ticket counter, Officer Mijares, wearing a T-shirt and blue jeans, greeted appellant and began
to walk with him. Another undercover officer followed several feet behind. Mijares had his law enforcement identification
hanging from his neck and was not carrying a weapon. 

Near the escalators but before the airport security checkpoint, Mijares asked appellant for his identification. Appellant gave
him a Connecticut driver's license stating that he was Horacio Fernandez. While he ran a background check on the driver's
license, Mijares noticed that appellant was nervous and repeatedly shifted an object in his front pant pocket. He asked
appellant to move away from the escalators for further questioning and appellant agreed.

Appellant said that he was not carrying a weapon and allowed Mijares to pat-down the pocket. As Mijares approached the
pocket, appellant twisted away revealing a bundle under his clothing near his waist. When asked what the object was,
appellant responded, "What bundle?" Mijares handcuffed appellant to pat-down the bundle. 

After escorting appellant to a nearby airport office, the bundle was found to contain more than a kilogram of cocaine.
Appellant revealed that his true name was Raymond Roy. 

Appellant was indicted for possession of a controlled substance over 400 grams (cocaine). Appellant filed, and the trial
court denied, a motion to suppress the evidence found after the investigatory stop. Appellant entered a guilty plea and was
sentenced to confinement for fifteen years. 

Jurisdiction



In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.2 (a). The defendant's notice
of appeal must be filed within 30 days after the day sentence is imposed, or after the day the trial court enters an appealable
order. Tex. R. App. P. 26.2(a)(1). If the appeal is from a judgment rendered on the defendant's guilty plea and the
punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the
notice must specify that the substance of the appeal was raised by written motion and ruled on before trial. Tex. R. App. P.
25.2(b)(3). Defendant has met these prerequisites. 

This Court has jurisdiction over this appeal even though appellant pled guilty. A valid plea of guilty waives or forfeits the
right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the
error. Young v. State, 8 S.W.3d 656 (Tex. Crim. App. 2000). Here, the conviction was based upon evidence seized after
the appellant was stopped. Had the cocaine been excluded, there would be no case. The judgment of guilt was not
rendered independent of the ruling on the motion to suppress. This Court asserts jurisdiction over the present case. 

Standard of Review



The amount of deference a reviewing court affords to a trial court's ruling on a "mixed question of law and fact" is often
determined by which judicial actor is in a better position to decide the issue. Guzman v. State, 955 S.W.2d 85, 87 (Tex.
Crim. App. 1997). In reviewing a trial court's decision on a motion to suppress, we give almost total deference to the trial
court's determination of historical facts and mixed questions of law and fact which turn on an evaluation of credibility and
demeanor. Ornelas v. United States, 517 U.S. 690 (1996). In reviewing a trial court's determination of reasonable
suspicion and probable cause, under the totality of the circumstances, the trial court is not in an appreciably better position
than the reviewing court to make that determination. See Guzman, 955 S.W.2d at 87. Although great weight should be
given to the inferences drawn by trial judges and law enforcement officers, determinations of reasonable suspicion and
probable cause should be reviewed de novo on appeal. See Ornelas, 517 U.S. at 697-99.

Seizure 



Appellant contends that his constitutional right against unreasonable seizures was violated because Mijares had no probable
cause or other legal authority to stop and temporarily detain him. Specifically, appellant argues that he was illegally
detained when Mijares ran a background check on appellant's driver's license and, alternatively, when Mijares asked
appellant to step away from the escalators for further questioning.

It is well settled that an officer may approach a person in a public place and merely ask questions without a detention
occurring. Florida v. Royer, 460 U.S. 491, 497-98 (1983); Francis v. State, 922 S.W.2d 176 (Tex. Crim. App. 1996).
Further, an officer may generally ask questions of a particular individual or ask to examine the person's identification as
long as the officer does not convey a message that compliance with their request is required. Florida v. Bostick, 501 U.S.
429, 435 (1991); Hunter v. State, 955 S.W.2d 102 (Tex. Crim. App. 1997). An encounter becomes an investigative
detention when a reasonable person would believe he or she was not free to leave, and that person has yielded to the
officer's show of authority or been physically forced to yield. Johnson v. State, 912 S.W.2d 227, 236 (Tex. Crim. App.
1995). 

When Mijares initially stopped appellant, no detention occurred. Similar to the officer in Hunter, Mijares did not convey to
appellant that compliance with his requests was required. See Hunter, 955 S.W.2d at 104. Mijares was not dressed in
uniform nor did he exhibit a weapon. Although he was accompanied by another officer walking several feet behind him,
Mijares was the only one questioning appellant. Mijares never suggested that he would get a search warrant if necessary
and he did not affirmatively state that he believed appellant was carrying drugs. Most importantly, appellant consented to
Mijares's requests. As in the Hunter case, a reasonable person would have felt free to walk away from Mijares. Id. This
sequence of events was a consensual encounter, not a detention. Id. 

When Mijares noticed that appellant had a large bundle near his waist, he handcuffed appellant for further investigation. At
this time, appellant was physically forced to yield to Mijares's show of authority and was not free to leave. See Johnson912
S.W.2d at 236. As a result, a detention occurred. Id. An officer may briefly detain a person for investigative purposes if,
under the totality of the circumstances, the officer has a reasonable suspicion supported by articulable facts that the person
detained is, has been or soon will be engaged in criminal activity. Terry v. Ohio 392 U.S. 1, 29 (1968); Woods v. State, 956
S.W.2d 33, 35 (Tex. Crim. App. 1997). 

Mijares did not know what appellant possessed in the bundle near his waist. When Mijares asked appellant to identify the
object, he said, "What bundle?" In addition, Mijares said that appellant seemed very nervous. From his prior experience as
an officer, Mijares knew that appellant's bundle near his waist was irregular, especially in an airport. Although appellant
had a right to carry items with him, Mijares had a duty to protect himself, appellant, and others from the reasonable
possibility that appellant possessed a weapon. Further, officers have a duty to prevent illegal criminal activity, i.e.,
smuggling drugs through interstate commerce. Given the totality of the circumstances, it was reasonable for Mijares to
suspect that appellant was engaged in criminal activity. We hold that appellant was legally seized for investigative
purposes. 

Search



Appellant complains that his constitutional right against unreasonable searches was violated because Mijares had no
probable cause or other legal authority to search his person for weapons.

Searches conducted without a warrant are unreasonable per se under the Fourth Amendment, subject only to a few
specifically established exceptions. U.S. CONST. AMEND. IV; Katz v. United States, 389 U.S. 347, 357 (1967); O'Hara
v. State, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000). One exception to the warrant requirement occurs when an officer is
justified in believing that an individual is armed and presently dangerous. See O'Hara, 27 S.W.3d at 550. In that situation,
the officer may conduct a pat-down search to determine whether the person is carrying a weapon. Id. 

Before conducting a pat-down search, an officer need only be able to point to specific and articulable facts, which, taken
together with rational inferences from those facts, reasonably warrant the intrusion. Terry v. Ohio, 392 U.S. 1, 21 (1968).
The validity of the search must be analyzed by determining whether the facts available to the officer at the time of the
search would warrant a reasonably cautious person to believe that the action taken was appropriate. Davis v. State, 947
S.W.2d 240, 242-43 (Tex. Crim. App. 1997); Flores v. State, 824 S.W.2d 704, 705 (Tex. App.- Corpus Christi 1992, pet.
ref'd).

Officer Mijares said that he patted-down appellant for safety precautions. The scope of the pat-down search was only a
frisk of appellant's outer clothing to determine if there were any weapons. Davis v. State, 829 S.W.2d 218, 220 (Tex. Crim.
App. 1992). Even though appellant had not passed through the airport security checkpoint, some weapons have not been
discovered on individuals before boarding a flight. If Mijares did not search appellant and the object was an explosive, i.e.,
a bomb, disaster for the officer, appellant, and others was very possible. Given these facts, a reasonably cautious person
would be justified in conducting the search for weapons. We hold that the search of appellant's person was reasonable. 

Conclusion



In this case, Mijares had articulable facts to support a reasonable suspicion to detain and search appellant. The judgment of
the trial court is AFFIRMED. 





______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 2nd day of August, 2001.