Affirmed and Opinion filed _____________, 2002
















Affirmed and Opinion
filed December 31, 2002.         

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00196-CR  

____________

 

LUIS RODRIGUEZ,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 248th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 858,384 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            Appellant pleaded guilty to
possession with intent to deliver cocaine weighing between four and two hundred
grams after the trial court denied his motion to suppress.  He was sentenced to 15 years’
confinement.  We affirm.

In
reviewing a motion to suppress, we examine the evidence in the light most
favorable to the trial court's ruling, giving great deference to its
determination of historical facts, but reviewing de novo mixed questions of law
and fact that do not turn on the credibility and demeanor of a witness.  See
Corbin v. State, 2002 WL 1174569 *2 (Tex. Crim.
App. 2002)

The Stop

Deputy J.D. Mattox was watching an apartment in northeast Houston
based on reports of narcotics activity there.  After he saw appellant drive up, enter the
apartment, and leave shortly thereafter, Mattox followed him.  When appellant made several lane changes
without signaling, Mattox pulled him over. 
Appellant argues this was a pretext for Mattox to look for narcotics.  But as probable cause to conduct a traffic
stop exists whenever an officer observes a traffic violation, the initial stop
was lawful.  Tex. Code Crim.
Proc. Ann. Art. 14.01(b) (Vernon
1977); Walter v. State, 28 S.W.3d
538, 542 (Tex. Crim. App. 2000) (finding that a
police officer’s subjective motive will never invalidate an objectively
justifiable stop).  

The Frisk

After the stop, as Mattox approached the car he saw appellant
make a furtive movement towards his lap. 
Unsure if appellant was reaching for or hiding a weapon,
Mattox ordered him out of the car and conducted a pat-down search.  He removed a large, hard object he
encountered during the search, which turned out to be a bundle of money.  

Appellant argues Mattox lacked reasonable suspicion to frisk him
or remove the object.  An officer may
conduct a pat-down search of a person for safety purposes when the officer is
justified in believing that the person may be armed and presently dangerous.  Terry v. Ohio, 392 U.S. 1,
21 (1968); O’Hara v. State, 27 S.W.3d
548, 550 (Tex. Crim. App. 2000).  Given the circumstances under which Mattox
first saw appellant and his furtive movement when Mattox approached his vehicle,
we hold Mattox had reason to believe the frisk was necessary for his safety.  See Worthey v. State, 805 S.W.2d 435,
438-39 (Tex. Crim. App. 1991). 
Additionally, given the officer’s description of what he felt, we hold
he had reasonable suspicion that it might be a weapon or contraband, and thus
was justified in removing it.  See, e.g., Parham v. State, 76 S.W.3d
60, 64 (Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d) (finding officer was
justified in removing contraband when he testified he felt a bulge in
appellant's waist area he thought could have been a weapon).

The Consent

The object Mattox found was a bundle of approximately $3,518
in U.S.
currency, in $100 and $50 denominations. 
Based upon his training and the other circumstances surrounding the
stop, he suspected narcotics might be in appellant’s car.  Mattox asked for and received permission from
appellant to search it. 

Appellant argues he never consented to the search of his
vehicle.  But Mattox testified to the
contrary, and nothing in the record indicates any duress, coercion, or
confusion.  We therefore defer to the
trial court’s determination and find that consent was voluntarily given.  Taylor v. State, 604 S.W.2d 175,
177 (Tex. Crim. App. 1980); Washington v. State, 902 S.W.2d
649, 655 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).

The Detention

In order to conduct the search safely, Mattox (who was alone)
placed appellant in handcuffs in the rear seat of his police car.  Appellant argues the stop exceeded the bounds
of a permissible investigatory detention. 
See Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (explaining that a detention may last no
longer than is necessary to effectuate the purpose of the stop).  But an officer is permitted to detain an
individual in order to check for outstanding warrants during a routine traffic
stop, in addition to demands for identification and proof of insurance.  Id. at n.6; Walter v. State, 28 S.W.3d 538, 542
(Tex. Crim. App. 2000).  Mattox testified that he had not completed the
search of appellant’s car, his verification of appellant’s licenses, and his
check for outstanding warrants before a canine unit arrived and found narcotics
in the car.  Thus, we find appellant’s
detention lasted no longer than necessary to accomplish its lawful purposes. 

Moreover, Mattox was no longer investigating only the traffic
stop.  Mattox testified that, based on
his training and experience, the size, denominations, and method appellant used
to store his money was indicative of narcotics trafficking.  Articulable facts
and circumstances that come to an officer's attention during the course of a
routine traffic stop may justify a continued detention and broader
investigation.  Razo, 577 S.W.2d at 711–10.  We thus find Mattox
possessed reasonable suspicion that the automobile contained narcotics, which
then justified temporary detainment of appellant to allow for inspection by a
police dog.  Crockett v. State, 803 S.W.2d. 308, 311 (Tex. Crim.
App. 1991); Roy v. State, 55 S.W.3d
153 (Tex. App.—Corpus Christi 2001, pet. denied) (finding reasonable suspicion
of criminal activity justified officer's detention of defendant by handcuffing him for further investigation).  

The Search

Mattox’s “cursory” check of the vehicle yielded nothing
illegal.  But he also notified a canine
unit, and the dog alerted the officers to a sock hidden beneath the dashboard
which proved to contain 76.5 grams of cocaine. 
Appellant was arrested within thirty minutes of the initial stop.

Appellant contends that the canine search exceeded the scope
of his consent, if any.  But as long a
lawful basis exists for detaining an individual, consent is not required for a
canine “sniff” because it is not a “search” under the Fourth Amendment.  U.S. v. Place, 462 U.S.
696, 707 (1983); Razo v. State, 577 S.W.2d 709, 711 (Tex. Crim. App. 1979). 
Having held appellant was lawfully detained, no consent was needed.

The judgment is affirmed.

 

                                                                                    

                                                /s/                    Scott Brister

                                                                        Chief
Justice

 

 

Judgment
rendered and Opinion filed December
 31, 2002.

Panel
consists of Chief Justice Brister and Justice Hudson and Senior Chief Justice
Murphy[1].

Do
Not Publish — Tex. R.
App. P. 47.3(b).

 











[1] Senior Chief Justice Murphy sitting by assignment.