IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00184-CR

 

Doris Williams,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Court at Law No.
2

McLennan County, Texas

Trial Court No. 2002-1728

 



DISSENTING Opinion










 

      I respectfully dissent.  We should
overrule Williams’s factual-sufficiency issue.

      “In a factual sufficiency review, we view
all the evidence in a neutral light, both for and against the finding, and set
aside the verdict if ‘proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.’  In
conducting such a review, we consider all of the evidence weighed by the jury,
comparing the evidence which tends to prove the existence of the elemental fact
in dispute to the evidence which tends to disprove it.”  Vodochodsky v.
State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005) (quoting Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)) (internal footnote omitted). 
“[W]e set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that
the standard of proof beyond a reasonable doubt could not have been met.”  Prible
v. State, No. AP-74,487; 2005 Tex. Crim. App. LEXIS 110, at *16 (Tex. Crim. App. Jan. 26, 2005), pet. for cert. filed, http://‌www.supremecourtus.gov/‌docket/05‑5773‌.htm (U.S. July 12, 2005) (No. 05-5773). 
“A decision is not manifestly unjust merely because the jury resolved
conflicting views of the evidence in favor of the State.”  Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997).

      I note that the standard for what
constitutes detention for purposes of Texas Penal Code Section 38.02 need not
necessarily be the same as the constitutional standard.  See, e.g.,
Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 645 n.4 (Tex. 1995)
(employer’s restriction of employee’s freedom of movement “could constitute a
willful detention where the employer also uses physical force or threatens the
employee’s person, reputation, or property”); Tex.
Penal Code Ann. § 38.02 (Vernon Supp. 2004-2005).  However, courts
have generally analyzed the issue of detention under the statute in terms of
the United States and Texas Constitutions.  E.g., Domingo v. State, 82
S.W.3d 617, 620-21 (Tex. App.—Amarillo 2002, no pet.); Quick v. State, 999
S.W.2d 79, 80 (Tex. App.—Houston [14th Dist.] 1999, no pet.). “The Fourth
Amendment applies to all seizures of the person, including seizures that
involve only a brief detention short of traditional arrest.”  Maryland v.
Wilson, 519 U.S. 408, 420 n.8 (1997) (quoting United States v.
Brignoni-Ponce, 422 U.S. 873, 878 (1975)); see U.S. Const. amend. IV; see also Tex. Const. art. I, § 9; Johnson
v. State, 912 S.W.2d 227, 232-35 (Tex. Crim. App. 1995).  “[A] person has
been ‘seized’ within the meaning of the Fourth Amendment only if, in view of
all of the circumstances surrounding the incident, a reasonable person would
have believed that he was not free to leave.”  United States v. Mendenhall, 446
 U.S. 544, 554 (1980); accord Roy v. State, 90 S.W.3d 720, 723 (Tex.
Crim. App. 2002).  “[T]he subjective intention of the” officer “is irrelevant
except insofar as that may have been conveyed to the” suspect.  Mendenhall at
554 n.6; accord Anderson v. State, 932 S.W.2d 502, 505 (Tex. Crim. App.
1996).  “Only if the officer conveyed a message that compliance was required
has a consensual encounter become a detention.”  Hunter v. State, 955
S.W.2d 102, 106 (Tex. Crim. App. 1997) (emphasis in orig.). “[T]he appropriate
inquiry is whether a reasonable person would feel free to decline the
officers.” Florida v. Bostick, 501 U.S. 429, 436 (1991); accord United States v. Drayton, 536 U.S. 194, 201-202 (2002); Roy at 723.  “The proper
inquiry necessitates a consideration of ‘all the circumstances surrounding the
encounter.’”  Drayton at 201 (quoting Bostick at 439).    

      The officer got out of his patrol car, in
uniform, approached Williams, told her that he believed there was a warrant for
her arrest and that he needed to confirm her identity, and asked her for her
name.  Williams did not leave while the officer attempted to confirm the
warrant and Williams’s identity.  Williams knew that there was a warrant for
her arrest.  On this evidence, it was not wrong or unjust for the jury to
believe that a reasonable person in Williams’s position would not have felt
free to leave.  Williams points to no contrary evidence.

      We should overrule Williams’s
factual-sufficiency issue and reach her other issues.  Because the majority
does not do so, I respectfully dissent.

TOM GRAY

Chief
Justice

Dissenting
opinion delivered and filed September 21, 2005

Do
not publish