NUMBER 13-04-00027-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FRANCISCO MACIAS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 275th District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Chief Justice Valdez
 


 Francisco Macias, Megan Adams, and Christopher Lozano ("the defendants") were
convicted for the murder of Jan Barnum, Adams's maternal grandmother. The defendants
were fifteen years old when the murder occurred, but were tried together as adults. A jury
convicted all three and sentenced Macias to life in prison. The trial court entered a
judgment of conviction and punishment effectuating the jury's verdict and sentence. By
two points of error, Macias appeals the trial court's judgment. We affirm.

I. Point of Error 1 

Statutory Admonishments & Transfer to District Court (1)


 By his first point of error, Macias contends that the trial court lacked jurisdiction to
prosecute him as an adult because the juvenile court failed to admonish him according to
section 54.03 of the family code prior to transfer and such failure constitutes a violation of
his (1) due process, (2) due course of law, and (3) equal protection rights. See Tex. Fam.
Code Ann. § 54.03 (Vernon Supp. 2006). The State responds that the family code
provisions relied on by Macias are inapplicable because no juvenile adjudication hearing
took place. We agree.

 Macias's reliance on section 54.03 of the family code is misplaced because the
juvenile court never conducted an adjudication hearing. Section 54.03(b) provides that "[a]t
the beginning of the adjudication hearing, the juvenile court judge shall explain to the child
and his parent, guardian, or guardian ad litem (1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings . . . and (6) the child's right
to trial by jury." Id. § 54.03(b) (emphasis added). Instead of conducting an adjudication
hearing on whether Macias engaged in delinquent conduct, the juvenile court waived its
exclusive jurisdiction and transferred Macias's case to district court. See id. § 54.02
(Vernon 2002). A proceeding to declare a juvenile a delinquent and a proceeding to waive
jurisdiction and certify the juvenile as an adult for criminal prosecution are separate and
distinct proceedings. (2) Grayless v. State, 567 S.W.2d 215, 219 (Tex. Crim. App. 1978). 
Therefore, section 54.03 of the family code is inapplicable.

 Macias also contends that the juvenile court's failure to admonish him constitutes
constitutional error. The State claims any constitutional violations stemming from a failure
to admonish Macias were not preserved for appellate review. Tex. R. App. P. 33.1; see
Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). Because Macias fails to
articulate an argument and does not cite appropriate authority, we find his "constitutional
argument" inadequately briefed. Tex. R. App. P. 38.1(h) (providing that the brief must
contain a clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record). Macias's first point of error is overruled.

II. Point of Error 2 

Macias's Motion to Suppress


 By his second point of error, Macias argues that the trial court erred in denying his
motion to suppress a written statement he made during his detention after Barnum's
murder was discovered by authorities. He argues that the officers (1) had no reasonable
suspicion that he engaged in delinquent conduct to detain him at the convenience store,
(2) had no probable cause to take him into custody at the convenience store, and (3)
lacked probable cause to take him back into custody after he had been dropped off at his
parents' house. He also argues that his statements were taken without the benefit of
statutory and constitutional rights and that family code violations occurred. The State
contends that both reasonable suspicion and probable cause existed in each instance, that
he was given appropriate warnings, and that no family code violations occurred. 

A. Standard of Review

 A bifurcated standard of review is applied to a trial court's ruling on a motion to
suppress evidence. See Randolph v. State, 152 S.W.3d 764, 769 (Tex. App.-Dallas 2004,
no pet.). This standard of review gives almost total deference to a trial court's
determination of historical facts and applies a de novo review of a trial court's application
of the law to those facts. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997); Smith v. State, 176 S.W.3d 907, 913 (Tex. App.-Dallas 2005, pet. ref'd); Randolph,
152 S.W.3d at 769. A trial court is the sole trier of fact, the judge of witness credibility, and
the determiner of the weight given to witness testimony. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000); Randolph, 152 S.W.3d at 769.

B. Terry-Stop & Detention at the Convenience Store

 Presumably Macias's reasonable suspicion argument refers to his initial detention
at the convenience store. He argues that at the time Officer Javier Gallegos approached
him there were no reasonable and articulable facts to warrant an intrusion and thus his
detention was unjustified. Macias also articulates an argument regarding lack of probable
cause to take him into custody and return him to his parents' house. 

 A police officer may detain a person for a brief time for questioning when the officer
has reasonable suspicion to believe that criminal activity may be afoot. Terry v. Ohio, 392
U.S. 1, 24-25 (1968); Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). To
justify an investigative detention, the officer must have a reasonable suspicion that "some
activity out of the ordinary is occurring or had occurred, some suggestion to connect the
detained person with the unusual activity, and some indication that the activity is related
to a crime." Terry, 392 U.S. at 21-22. The officer must have specific and articulable facts
which, in light of his experience and personal knowledge, together with inferences from
those facts, would reasonably warrant the intrusion on the freedom of the person detained
for investigation. Id. at 30; Woods, 956 S.W.2d at 38; Roy v. State, 55 S.W.3d 153, 157
(Tex.App.-Corpus Christi 2001), pet. dism'd, improvidently granted, 90 S.W.3d 720 (Tex.
Crim. App. 2002).

 Macias's detention argument fails because the circumstances surrounding his
detention provided for reasonable suspicion. Juvenile Investigator Santiago Solis and
Officer Gallegos testified at the suppression hearing regarding the events surrounding
Macias's detention. On the evening of March 5, 2003, Officer Gallegos, the detaining
officer, was dispatched to the convenience store after Officer John Vargas, an off-duty
officer, requested an on-duty officer. When Officer Gallegos arrived, Macias, Adams, and
Lozano appeared to be underage, out after the city's curfew, and in possession of a stalled
car; none had a driver's license, much less formal identification. From what Officer
Gallegos encountered, there was reasonable suspicion to believe that criminal activity
might be afoot - namely a violation of the city's curfew. 

 The probable cause argument against taking Macias into custody at the
convenience store also fails. The family code provides that a child may be taken into
custody by a law enforcement officer if there is probable cause to believe that the child has
engaged in (1) conduct that violates a penal law of this state or a penal ordinance of any
political subdivision of this state, or (2) delinquent conduct or conduct indicating a need for
supervision. Tex. Fam. Code Ann. § 51.01(a)(3) (Vernon Supp. 2006). Officers have
probable cause when "the facts and circumstances within their knowledge and of which
they had reasonably trustworthy information were sufficient to warrant a prudent man in
believing that the [suspect] had committed or was committing an offense." Beck v. Ohio,
379 U.S. 89, 91 (1964); Muniz v. State, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993). Upon detaining the teens, Officer Gallegos ascertained that their car had stalled at
the gas pump and that they were planning to go to Louisiana. He also noticed that they
had clothes, a backpack, and a hamster in a cage inside of the car. From this first-hand
knowledge, a person of reasonable caution could have believed that the teens were
planning on running away. Therefore, the teens had not only violated the city's curfew, but
they were engaged in conduct indicating a need for supervision - running away from home. 
Tex. Fam. Code Ann. § 51.03(b)(3) (Vernon Supp. 2006) (conduct indicating a need for
supervision is the voluntary absence of a child from the child's home without the consent
of the child's parent). Probable cause existed at the convenience store to take Macias into
custody and return him to his parents. 

 In light of the facts before it, we find no error with the trial court's denial of Macias's
suppression motion based on his detention at the convenience store.

C. Custody after Barnum's Body is Discovered

 Macias argues that there was no probable cause to take him into custody after he
had been returned to his home. The State responds that the facts show probable cause. 
We agree.

 As already noted, officers have probable cause when "the facts and circumstances
within their knowledge and of which they had reasonably trustworthy information were
sufficient to warrant a prudent man in believing that the [suspect] had committed or was
committing an offense." Beck, 379 U.S. 89, 91 (1964). The record in this case is replete
with facts and circumstances within the knowledge of Officer Gallegos and Sargent De la
Tejera, Officer Gallegos's supervisor, and of which they had reasonably trustworthy
information that were sufficient to warrant them to believe that Macias was involved in
Barnum's murder. The record shows that at the time Macias was taken into custody from
his home, the officers knew (1) that Macias, Lozano, and Adams were detained earlier that
day for trespassing in a vacant house and as runaways; (2) that they had been
apprehended earlier that night under circumstances indicating that they had violated the
city's curfew and were attempting to run away again; (3) that they were in possession of
Barnum's car; (4) that Adams attempted to stay with Lozano and then with Narvaez in
order to prevent authorities from discovering Barnum's body in the apartment; (5) that
Barnum was found strangled in an apartment with no signs of forced entry; and (6) that the
blood at the crime scene was still fresh, indicating that the murder had been committed
very recently. Therefore, the officers had probable cause to detain Macias in connection
with Barnum's murder. 

D. Failure to Provide Mandatory Warnings or Follow the Family Code

 Macias's final two arguments on appeal are (1) that law enforcement officers
interrogated him "without the benefit of his statutory and Constitutional prophylactic rights"
and (2) that the interrogating officers failed to comply with section 52.02 of the family
code. (3) Tex. Fam. Code Ann. § 52.02 (Vernon Supp. 2006) (providing for the release or
delivery to a court of a child taken into custody).

 The record does not support Macias's argument that he was interrogated without
his statutory and constitutional warnings. At the suppression hearing Investigator Solis
testified that the juveniles were magistrated - in other words given statutory and
constitutional warnings by a magistrate - shortly after they arrived at the police station and
before they made their statements. Additionally, Macias's written statement is certified by
the magistrate that it was made in compliance with Section 51.09 of the family code. See
Tex. Fam. Code Ann. § 51.09 (Vernon 2002), § 51.095 (Vernon Supp. 2006). 

 Finally, Macias's contention that the family code was violated presumably centers
around an "unnecessary delay." See generally Tex. Fam. Code Ann. § 52.02 (Vernon
Supp. 2006). However, he fails to specify how he was subject to an unnecessary delay
and, thus we conclude this contention is inadequately briefed. Tex. R. App. P. 38.1(h). 
Macias's final two arguments fail to show the trial court error.

 We hold that the trial court did not err in denying Macias's motion to suppress. 
Macias's second point of error is overruled.

III. CONCLUSION

 The judgment of the trial court is affirmed. Tex. R. App. P. 43.2(a).

 

 

 ROGELIO VALDEZ

 Chief Justice



Do Not Publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 9th day of August, 2007.
1. All issues of law presented by this case are well settled, and the parties are familiar with the facts. 
Therefore, we will not recite the law or the facts in this memorandum opinion, except as necessary to advise
the parties of the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
2. Even if the transfer hearing could be construed as an adjudication hearing, a direct appeal of the
juvenile court's failure to admonish Macias is also precluded because no objection was lodged, as required
by the family code.


 In order to preserve for appellate or collateral review the failure of the court to provide the
child the explanation required by Subsection (b), the attorney for the child must comply with
Rule 33.1, Texas Rules of Appellate Procedure, before testimony begins or, if the
adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation
of evidence.


Tex. Fam. Code Ann. § 54.03(i) (Vernon Supp. 2006).
3. Macias's family code violation argument reads: 


 Where an officer deems it necessary to take a child into custody, § 52.02 dictates what he
must do "without unnecessary delay." See V.T.C.A. Family Code, § 53.02, see also §§52.04
& 53.01, and § 53.02 "with investigative aid of law enforcement officers when requested." §
52.04(b), or by the juvenile court itself, V.T.C.A. Family Code, § 51.01. The record is devoid
of evidence indicating any compliance with § 52.02.