**Jose Jesus GUZMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53169.

Court of Criminal Appeals of Texas.
Panel No. 2.

June 21, 1978.

The home of Carmen Castro in Mission was burglarized. She testified that at approximately 8:45 of the night of the offense she was at her mother's just across the alley from her own home. She had turned off the lights and locked the doors of her own home. When she saw the lights on in her home, she went to investigate. When she got near the back door of her house, she saw a short stocky man in a T-shirt come out of the house with her sewing machine, a radio and other items. This man was later identified to be Antonio Garcia.

Another man was in the garage or carport. He was taller and thinner and had on a blue shirt. She came within three and one-half to four feet of him. She identified appellant at the trial as being this man. When the pair saw Mrs. Castro, Garcia dropped the sewing machine, radio and other items. They both ran in an effort to get into a car that was parked partially on a vacant lot and Mrs. Castro's lot. Apparently they decided to leave the car because Mrs. Castro was so close in her pursuit. After the chase started they went in different directions. She related she had to pass in front of appellant before he ran. On cross-examination she was asked if she had any reason to think that they were together, and she answered, "Well, they have to be together, because they both ran." She testified that during the chase she fell to the "floor" and then corrected herself and said that she fell to the ground. When she returned to the house, she found that the screen on the back door had been cut.

The officers looked into the car and found a photograph which Mrs. Castro recognized to be that of Garcia, the one she saw coming out of her house. The car was registered in his name.

About an hour later as Guzman and Garcia approached the car they were arrested. A kitchen knife was taken from appellant at the car. The two fit the descriptions given by Mrs. Castro to the police. She identified the two at the police station.

We hold that the evidence is sufficient to support the conviction.

Walter G. Weaver, Jr., Donna, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Guzman appeals from a conviction for the offense of burglary of a habitation. Punishment, enhanced by two prior convictions, was assessed by the court at life.

Appellant presents eleven grounds of error. The sufficiency of the evidence is questioned.

■ First, he contends that the court erred in permitting Officer Saldana to testify that Mrs. Castro identified appellant at the police station. This testimony was brought out on cross-examination. There was no objection. No error is shown. See *Montemayor v. State*, 456 S.W.2d 126 (Tex. Cr.App.1970).

■ The contention that the court should not have admitted the knife into evidence because the chain of custody was not shown is without merit. Officer Saldana testified that the knife was taken from appellant. It was tagged and placed in the evidence room at the police station. There was sufficient evidence to show that the knife taken from appellant was the one introduced into evidence.

In *Anderson v. State*, 504 S.W.2d 507 (Tex.Cr.App.1974), the Court wrote:

"Ordinarily, when an object is easily identifiable as being a particular item * * * chain of custody need not be shown if there is direct evidence at trial the [item] sought to be introduced into evidence is the same [item] taken from the accused . . . ."

■ Appellant complains of the court's refusal to charge on reasonable doubt concerning his identification by the complaining witness. The court instructed the jury that it must believe beyond a reasonable doubt that appellant committed the offense before finding him guilty. Viewing the charge as a whole, it properly instructed the jury concerning reasonable doubt. See *Perryman v. State*, 507 S.W.2d 541 (Tex.Cr. App.1974), and *Lopez v. State*, 468 S.W.2d 365 (Tex.Cr.App.1971).

Appellant contends that the court erred in refusing to grant his requested charge: "Defendant requests the charge as to principals on circumstantial evidence."

■ The State contends that since there was no objection to the charge nothing is presented for review. When a request for an instruction is made, no objection to the charge is necessary. Article 36.15, V.A.C.C.P. A charge on circumstantial evidence covers the entire case, not just an isolated part or one issue.

■ The court properly instructed the jury on the law of parties and that "mere presence alone will not make a person a party to an offense." The request was for the court to single out a part of the evidence and instruct thereon. Assuming that the court should have construed the request as one for a charge for circumstantial evidence on the whole case, the question will be discussed.

■ The evidence shows that Mrs. Castro saw Garcia coming out of her home with a sewing machine, a radio and other items that belonged to her. Appellant was in the carport. A cut on the back screen, where Garcia came out, was found. When appellant and Garcia were arrested an hour later near Garcia's parked car at Mrs. Castro's home, he had a kitchen knife in his pocket. Garcia and appellant ran from the house together and returned together a short time later. The evidence was sufficient for the jury to conclude that the two were acting together as parties formerly called principals.

In *Ransonnette v. State*, 522 S.W.2d 509 (Tex.Cr.App.1975), this Court held that where the evidence showed that two were acting together and where the court charged on the law of parties (formerly called principals) no reversible error was shown. We hold that no error was shown.

■ Texas is in the minority requiring a charge on circumstantial evidence. In most jurisdictions no charge on circumstantial evidence is required when the jury is instructed that before finding a defendant guilty it must find that he committed the offense beyond a reasonable doubt. In most jurisdictions the giving of a charge on circumstantial evidence is discretionary with the trial judge. A jury that sits through trial knows if the evidence is based upon circumstances or eyewitness testimony or a combination of both.

Where a case rests upon circumstantial evidence, a charge thereon should be given has been the rule in Texas for a long time. Following that rule, the contention is still

overruled. See Gaffney, *The Circumstantial Evidence Charge in Texas Criminal Cases: A Retrograde Doctrine,* Texas Law Review, Volume 55, No. 7, page 1255 (1977), for a well written article discussing the majority and the Texas rule.

The most serious question in the case is the contention that the in-court identification of appellant should not have been allowed because of a showup of the two men charged in the burglary. He first asserts that the pretrial identification procedure violated the Sixth Amendment to the Constitution of the United States because Mrs. Castro viewed appellant and Garcia in absence of counsel. The identification at the police station was prior to indictment or charges being filed.

■ The presence of counsel at a pretrial identification procedure is not required until "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Banks v. State,* 530 S.W.2d 940 (Tex.Cr.App.1976).

■ The next question is whether the confrontation at the police station was so unnecessarily suggestive and conducive to mistaken identity as to deny appellant due process of law under *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and *Biggers v. Tennessee,* 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968).

Mrs. Castro was taken to the police station after the men were arrested and she saw them together. She identified them as being the ones who were at her house. She identified appellant at the trial as being in the carport while Garcia was coming out of her house. She related that there was "one of those big overhead city lights" near her home and the moon was shining and it was very clear. She was asked when she went to the police station if she did not have the idea that they had the two men who were involved in the burglary and she answered, "No. I couldn't say that until I saw them." She was within two and a half to four feet

from appellant in the carport and facing him. She testified, "Well, I saw all of his front" and "I saw all of him." She took a good look at him while he was there before she started chasing the pair.

On cross-examination, she was asked, "Now, you never did get a real good look at his face in the light? You just saw it in the dark of the carport?" She answered, "No, I didn't see exactly his face but I could see his build." She also stated that ". . . he was giving his front to me when I approached there." When she saw him at the police station, she was real positive that he was one of the men involved. When asked about his complexion she stated that he was not too dark. She was asked: "You didn't think he was a Latin American?" She answered, "I know it wasn't a Latin American. I know it was a Mexican. I could tell that."

The officers should not have shown Mrs. Castro the two men at the police station. A lineup should have been held. The trial judge found that no due process had been violated. The two men tried to get in Garcia's car when they left the house. Approximately an hour later, they returned to get the car which was parked in part on Mrs. Castro's property. Appellant had a kitchen knife on his person. Entry was made into the Castro home by the cutting of the screen door with a knife. The trial judge saw the witness and noted her demeanor and her communication problems. We hold that from this record no reversible error has been shown.

Complaint is made that the court permitted the prosecutor to ask leading questions. Some eight instances are relied upon. We have reviewed this contention and find no objection that the questions were leading was made in most instances. Where such objections were made, there were no rulings to present for review.

■ The complaint that Officer Saldana testified that appellant made statements while he was in custody without a warning under Article 38.22, V.A.C.C.P., is without merit because appellant brought out this testimony for the first time on cross-exami-

nation. See *Shumake v. State*, 502 S.W.2d 758 (Tex.Cr.App.1973).

The photographs of Garcia's automobile parked at Mrs. Castro's house and the sewing machine, radio and other items taken from her house were admissible. Contrary to appellant's contention, a proper predicate was laid for their introduction. Officer Saldana testified that he had personal knowledge of the scene and the photographs were true and accurate representations of that scene. *Gonzales v. State*, 532 S.W.2d 343 (Tex.Cr.App.1976).

The contention that the State did not prove that the first prior conviction alleged in the indictment was final before the commission of the offense alleged in the second prior conviction for enhancement is correct. The cause is remanded for the proper assessment of punishment. See *Scott v. State*, 553 S.W.2d 361 (Tex.Cr.App. 1977).