Affirmed and Memorandum Opinion filed March 30, 2006









Affirmed
and Memorandum Opinion filed March 30, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00593-CR

____________

 

EDDIE LEACH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 44,612

 



 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for possession
of a deadly weapon in a penal institution, 
appellant Eddie Leach asserts: (1) the evidence is legally and factually
insufficient to support his conviction, (2) his trial counsel was ineffective
for failing to object to the trial court=s denial of his
request to include an instruction on necessity in the jury charge; and (3) the
trial court erred in denying his motion for continuance based on his failure to
receive a certified copy of the indictment at least ten days before trial.  We 
affirm.  








I.  Factual and Procedural Background

On May 16, 2002, Gary Hall, a correctional
officer working in the administrative segregation area of the Darrington Unit
of the Texas Department of Criminal Justice, escorted inmate Jerry Adams from
the recreational yard to his cell block. 
As they walked by appellant=s cell, Officer
Hall observed appellant reach through a slot in the door of his cell with a Ashank@Ca sharp piece a
metal approximately two inches long wrapped in a cloth.  When Officer Hall and Adams reached Adams=s cell, Officer
Hall noticed that Adams had been wounded and took him to the medical department
for treatment. 

Officer Hall then discussed this incident
with Sergeant Phillip Jones.  Sergeant
Jones went to appellant=s cell and noticed that the food slot was
opened but the door was secure. 
Appellant was searched and removed from the cell.  Sergeant Jones then thoroughly searched the
cell and found a weapon, some paper used to jam the food slot open, and a
towel.  Sergeant Jones identified the weapon
as a Ashank,@ a homemade device
similar to a knife.  He believed that
this weapon was capable of causing death or serious bodily injury. 

Appellant was indicted for the offense of
possession of a deadly weapon in a penal institution.  He pleaded not guilty.  At trial, appellant testified and admitted to
possessing a weapon on the day of the assault. He further admitted to
assaulting Adams on May 16, 2002. 
Appellant also admitted that he still had the weapon that he used during
the assault in his hands when Sergeant Jones arrived at his cell.  Appellant claimed, however, that the weapon
admitted into evidence at trial was not the same weapon that he used during the
assault.  

The jury found appellant guilty as
charged, and appellant received a sentence of six years= imprisonment for
possession of a deadly weapon in a penal institution.  








                                                    II.
 Analysis 

A.      Is the
evidence legally and factually sufficient to support appellant=s conviction? 

 

In his first two
issues, appellant contends that the evidence is legally and factually
insufficient to support his conviction. 
In evaluating a legal-sufficiency challenge, we view the evidence in the
light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a
court, believe the State=s evidence or believe that appellant=s evidence
outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








In contrast, when evaluating a challenge
to the factual sufficiency of the evidence, we view all the evidence in a
neutral light and inquire whether the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence
factually insufficient in two ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a- reasonable-doubt standard
could not have been met.  Id. at
484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

To support a conviction for possession of
a deadly weapon in a penal institution, the State must show that  the accused (1) exercised actual care, control,
or custody of the weapon, (2) was conscious of his or her connection with it,
and (3) possessed the weapon knowingly or intentionally.  See Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995); Nguyen v. State, 54 S.W.3d 49, 52B53 (Tex. App.CTexarkana 2001,
pet. ref=d).  The evidence used to satisfy these elements
can be direct or circumstantial.  See
Brown, 911 S.W.2d at 747; Nguyen, 54 S.W.3d at 53.  Whether direct or circumstantial evidence is
used, the State must establish that the accused=s connection with
the weapon was more than just fortuitous.  See Brown, 911 S.W.2d at 747; Nguyen,
54 S.W.3d at 53.  We conclude there is
sufficient evidence linking appellant to the weapon.  

Officer Hall observed appellant reach
through a slot in the door of his cell with a piece a metal approximately two
inches long.  Though wrapped in a cloth,
the Ashank@ was exposed and
sharp.  After learning of the incident,
Sergeant Jones went to appellant=s cell and after a
thorough search of the cell, he found a homemade device similar to a
knife.  Sergeant Jones further testified
that this Ashank@ was capable of
causing death or serious bodily injury. 








Appellant also testified.  He admitted to possessing a weapon the day of
the assault. He further admitted to assaulting Adams on May 16, 2002.  Appellant, however, asserted that he still had
the weapon used during the assault in his hands when Sergeant Jones arrived at
his cell.  The only dispute was that
appellant claimed the weapon admitted into evidence at trial was not the same
weapon he used during the assault. The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes, 991 S.W.2d at 271.  The jury was free to believe or disbelieve
any portion of the witnesses= testimony.  Sharp, 707 S.W.2d at 614.  Based on the evidence, we conclude that the
jury could have found the essential elements of the crime beyond a reasonable
doubt.  We further conclude that the
evidence is both legally and factually sufficient to support appellant=s conviction for
possession of a deadly weapon in a penal institution. Accordingly, we overrule
appellant=s first two issues. 

B.      Was
appellant denied effective assistance of counsel? 

In his third issue, appellant contends
that he was denied effective assistance of counsel when his trial counsel
allegedly failed to object to the trial court=s denial of his
request for the inclusion of an instruction on necessity in the jury
charge.  

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right necessarily includes the right to
reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945
S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show that (1)
trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland, 466 U.S. at 688B92. 
Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  








In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  When, as here,
there is no proper evidentiary record developed at a hearing on a motion for
new trial, it is extremely difficult to show that trial counsel=s performance was deficient.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198,
208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d). 









While the Court of Criminal Appeals has stated that it should
be a rare case in which an appellate court finds ineffective assistance on a
record that is silent as to counsel=s trial strategy, that court has been
inconsistent in describing the legal standard by which we should determine
whether a particular case constitutes such a rarity.  See Andrews v. State, 159 S.W.3d 98,
103 (Tex. Crim. App. 2005) (stating that facts at hand presented a Arare case@ in which ineffective assistance can
be found on direct appeal based on a record silent as to counsel=s trial strategy); Andrews,
159 S.W.3d at 104 (Keller, P.J., dissenting) (stating that the Court of
Criminal Appeals has been inconsistent in its approaches to ineffective
assistance claims on direct appeal based on a silent record and indicating that
the court=s approach in Andrews is
inconsistent with its approach in Freeman v. State, 125 S.W.3d 505 (Tex.
Crim. App. 2003)).  In early 2005, the
Court of Criminal Appeals indicated that appellate courts should find
ineffective assistance as a matter of law if no reasonable trial strategy could
justify trial counsel=s conduct, regardless of whether the record adequately
reflects trial counsel=s subjective reasons for acting as she did.  See Andrews, 159 S.W.3d at 102.  Shortly thereafter, the Court of Criminal
Appeals returned to an earlier formulation and stated that, absent an
opportunity for trial counsel to explain her actions, appellate courts should
not find ineffective assistance unless the challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, __ S.W.3d __, 2005 WL
766996, at *2 (Tex. Crim. App. Apr. 6, 2005) (quoting Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). 
Looking to the high court=s most recent pronouncement, we
follow the legal standard from Goodspeed.

To preserve error relating to the charge, a defendant must
either object to the charge or make a request for a special charge on the issue
in question.  Tex. Code Crim. Proc. Ann. arts. 36.14, 36.15 (Vernon Supp.
2005); Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App.1996).  A requested charge need not be Ain perfect form.@  Chapman v. State, 921 S.W.2d 694, 695
(Tex. Crim. App. 1996).  A defendant
preserves error for appellate review if the request is sufficiently specific to
put the trial court on notice of an omission or error in the charge.  Brazelton v. State, 947 S.W.2d 644, 647
(Tex. App.CFort Worth 1997, no pet.).  Under article 36.15, if the defendant
requests a special charge no objection is required to preserve error.  Guzman v. State, 567 S.W.2d 188, 190 (Tex.
Crim. App. 1978).  All that is necessary
under art. 36.15 is that the requested charge be in writing or dictated to the
court reporter.  Id.  

Prior to the charge being read to the jury, appellant
requested that an instruction on the defense of necessity be added to the
charge.  In addition, appellant=s trial counsel properly made this
request in writing and tendered it to the trial court as ADefendant=s Requested Jury Issue Number One.@ 
The trial court denied this request on the record.  Appellant received an adverse ruling to his
request; and no further objection was necessary.  See Vasquez, 919 S.W.2d at 435;
James v. State, 772 S.W.2d 84, 112 (Tex. Crim.  App. 1989). 
Because appellant=s trial counsel preserved error on this issue, appellant was
not denied effective assistance of counsel. 
Therefore, we overrule appellant=s third issue. 








C.        Did
the trial court err in overruling appellant=s objection that he was not served
with a certified copy of the indictment ten days before trial commenced? 

In his fourth issue, appellant contends the trial
court erred in denying his motion for continuance because he was not served
with a certified copy of the indictment at least ten days before trial
commenced,  as required under articles
25.01, 27.11, and 27.12 of the Texas Code of Criminal Procedure.  Appellant objected prior to the start of
trial that he was not properly served with a certified copy of the
indictment.  Prior to this objection,
appellant announced ready subject to an unrelated motion for continuance.  Appellant=s written motion for continuance did
not include this ground as a basis for continuance.  Appellant also does not appear to challenge
the trial court=s denial of the continuance motion on the actual grounds
asserted therein.  Thus, the sole issue
before this court is whether the trial court reversibly erred in overruling
appellant=s objection that he had not been
properly served with a certified copy of the indictment ten days before
trial.  We conclude that the trial court
did not err.

In
support of his arguments, appellant relies on articles 25.01, 27.11, and 27.12
of the Texas Code of Criminal Procedure. Article 25.01 states: 

In every case of felony, when the accused is in
custody, or as soon as he may be arrested, the clerk of the court where an
indictment has been presented shall immediately make a certified copy of the
same, and deliver such copy to the sheriff, together with a writ directed to
such sheriff, commanding him forthwith to deliver such certified copy to the
accused. 

Tex.
Code Crim. Proc. Ann.  art. 25.01 (Vernon 1989).  Article 27.11 provides: AIn all cases the defendant shall be
allowed ten entire days, exclusive of all fractions of a day after his arrest,
and during the term of the court, to file written pleadings.@  Id. art. 27.11.   








Article
27.12 states: AIn cases where the defendant is
entitled to be served with a copy of the indictment, he shall be allowed the
ten days time mentioned in the preceding Article to file written pleadings
after such service.@  Id. art.
27.12. 

Appellant
relies on the statement in Johnson v. State that the right to be served
with a copy of the indictment at least ten days before trial is absolute.  567 S.W.2d 214, 215 (Tex. Crim. App.
1978).  The Johnson case involved
a reindictment where only six days had elapsed between the time the grand jury
returned the indictment and the day trial began.  See Johnson, 567 S.W.2d at 214.  Furthermore, in Johnson, the defendant
was never served with the actual indictment on which he was tried, and there
was no indication that the defendant=s counsel obtained a copy of this
indictment or that counsel had an adequate time to prepare for trial.  See id. at 214B16. 








The
record in the case before us is silent as to whether appellant personally
received a certified copy of the indictment. 
However, the record indicates appellant=s counsel discussed the indictment
with appellant long before trial began. 
Moreover, fifty-one weeks elapsed between the time the grand jury issued
the indictment and the beginning of appellant=s trial, which gave appellant and his
trial counsel ample time to prepare for trial. Appellant=s counsel changed about six weeks
before trial, after appellant=s first counsel withdrew because of a conflict of interest.[1]  Appellant was arraigned more than eight
months before trial and never once stated that he did not know or understand
the charges against him.  The record
clearly demonstrates appellant had notice and knowledge of the charges against
him because he sought to have the indictment quashed.  In addition, he demanded a speedy trial and
announced ready at trial subject to a motion for continuance that related to
allegedly unavailable witnesses.  This
motion had nothing to do with the indictment, appellant=s general readiness for trial, or
appellant=s knowledge or understanding of the
charges against him.  The trial court
denied this motion, and, on appeal, appellant has not assigned error regarding
the denial of this motion.  Appellant=s only complaint is a technical oneCthat he did not receive a certified
copy of  the indictment within the
statutory tenBday period. 

The
purpose of articles 25.01, 27.11, and 27.12, sometimes collectively referred to
as the Aright to time statutes,@ is to afford the accused or his
counsel the opportunity to carefully examine the formal accusation and to
prepare and file any necessary pleadings relating thereto.  Oliver v. State, 646 S.W.2d 242 (Tex.
Crim. App. 1983).  When an accused timely
and properly invokes his rights under the statute, the court must afford him
the statutory ten days.  See Roberts
v. State, 93 S.W.3d 528, 531 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d); Ashcraft v. State, 900
S.W.2d 817, 830 (Tex. App.CCorpus Christi 1995, pet. ref=d). 
However, the right-to-time statutes are not properly invoked when the
objectives of the statute have been achieved.  Ashcraft, 900 S.W.2d at 830; see also
Wray v. State, 232 S.W. 808, 809B10 (1921). 








Here,
the record contains no evidence as to whether appellant was formally served
with a certified copy of the indictment. 
Presuming for the sake of argument appellant was not served, the
objectives of article 27.12 have been achieved. 
Neither appellant nor his counsel requested an opportunity to file any
additional motions or pleadings.  There
was no indication at the beginning of trial that appellant was unaware of or
unfamiliar with either the nature of the charges against him or the State=s evidence.  In fact, appellant announced ready subject to
a motion for continuance and he did not seek additional time to file any
additional pleadings.  We conclude that
the trial court did not reversibly err in overruling any objection made in
connection with this complaint.  See
Alexander v. State, 137 S.W.3d 127, 130B31 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d) (holding that State=s failure to serve defendant with
copies of indictments against him did not affect his substantial rights); Tatmon
v. State, 786 S.W.2d 523, 524B26 (Tex. App.CAustin 1990) (holding trial court did
not err in overruling right to time objection when defendant=s attorney obtained a copy of the
indictment, had more than ten days to prepare for trial, filed various pretrial
motions, and discussed the indictment with defendant), aff=d on other grounds, 815 S.W.2d 588 (Tex. Crim. App.
1991).  Accordingly, we overrule
appellant=s fourth issue.

Having overruled all of appellant=s issues, we affirm the trial court=s judgment. 

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed March 30, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The conflict
arose when appellant filed a grievance against his first counsel and threatened
a civil lawsuit against him.